DUBMAN, Plaintiff-Respondent, v. NORTH SHORE BANK, Defendant-Appellant.†

*No. 76–167. Submitted October 18, 1976.—Decided February 1, 1977.*

(Also reported in 249 N. W. 2d 797.)

† Motion for rehearing denied, without costs, on March 29, 1977.

For appellant: *Kenneth M. Kenney* and *Kenney, Krembs, Fellows and Wolfe* of Milwaukee.

For respondent: *Robert K. Steuer* and *Weiss, Steuer, Berzowski & Kriger* of Milwaukee.

*PER CURIAM.*

This is an appeal from an order imposing sanctions for a failure to make discovery. Plaintiff-respondent moves to dismiss the appeal. We grant the motion, concluding that the order is not appealable.

The complaint is for damages as a result of the alleged failure of the bank as secured party to exercise reasonable care to protect the collateral in its possession. The collateral was common stock. It is alleged that plaintiff wanted to sell the stock short and requested re-delivery of the collateral for the purpose of depositing it to satisfy margin requirements on the short sale. The defendant refused. The stock declined in value. Many of the allegations of the complaint are denied in the answer. In addition, the answer raises the affirmative defense of waiver or estoppel by reason of the plaintiff's alleged participation in various loan transactions with the defendant during the time period in question.

The order appealed from recites the trial court rendered an order on February 2, 1976, requiring the defendant bank to produce any documents in its possession which had to do with the issue of the alleged loss in value of plaintiff's stock. It further recites that the plaintiff took depositions of various officers and directors of the bank and the bank at those depositions refused to produce documents which were subpoenaed along with the witnesses under subpoenas *duces tecum*. The order grants the following sanctions:

1. It is established as a fact at trial that the value of the stock pledged decreased after August, 1973, and

the defendant had full knowledge of the decrease at the time thereof.

2. The defendant may not introduce into evidence any documents which were not produced for discovery.

3. The affirmative defense of waiver or estoppel is stricken.

The sanctions imposed are authorized under sec. 804.12 (2) (a) 1, 2 and 3, Stats., which are part of the rules of civil procedure. This court has held that there is an inherent power to strike pleadings in a proper case. *Hauer v. Christon*, 43 Wis.2d 147, 168 N.W.2d 81 (1969). We have also construed sec. 885.11 (5), Stats., granting the power to strike pleadings for an unlawful refusal to depose, to authorize such action in the case of an unlawful failure to obey a subpoena *duces tecum. Gipson Lumber Co. v. Schickling*, 56 Wis.2d 164, 201 N.W.2d 500 (1972). The powers to hold certain facts established, to preclude the introduction of evidence not produced for discovery, and to strike a portion of the pleading, are all lesser powers which are included in the power to strike the whole pleading. In order to determine whether the exercise of these powers constituted appealable events, we must analyze the nature of the powers and the proceedings which give rise to their exercise.

Defendant claims that the order in this case is appealable because it imposes sanctions for contempt of court. If so, it is appealable. *Waukesha Roxco Co. v. Gehrz*, 244 Wis. 201, 12 N.W.2d 41 (1943). However, both *Hauer v. Christon* and *Gipson Lumber Co. v. Schickling*, supra, hold that the sanction of striking a pleading may not be exercised as a contempt penalty. The power can be exercised when evidence is withheld which relates to an essential element of the defense so as to war-

rant a presumption of fact that the defense has no merit. If imposed solely for failure to obey court orders, without evidence warranting a finding of no merit or bad faith, the sanction of striking a pleading (and, necessarily, the lesser sanctions in this case), denies due process of law. Therefore, we do not look to the contempt cases for authority establishing that the instant order is appealable.

Defendant also argues that the order is appealable under sec. 817.33(3), Stats., because it grants a provisional remedy. Discovery is a provisional remedy which is granted under ch. 804, Stats., with certain exceptions not relevant here, rather than by order of the trial court. *Hyslop v. Hyslop,* 234 Wis. 430, 291 N.W. 337 (1940). The sanctions imposed in this case do not grant or continue the statutory provisional remedy. Rather, they enforce it.

The order under consideration is not appealable under sec. 817.33(1), Stats., because it does not prevent a judgment from which an appeal might be taken. In fact, if judgment is entered against defendant, an appeal from that judgment will bring up the order for review as an intermediate order involving the merits and necessarily affecting the judgment. Sec. 817.34, Stats.

One of the factors common to orders heretofore held to grant or refuse provisional remedies is that such an order involves matters so far removed from the merits of the case that it is not reviewable as an intermediate order on appeal from a judgment. This is another reason the instant order does not grant or continue a provisional remedy.

The appeal is dismissed.