## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Donald C. HABERMAN, Attorney at Law.

Supreme Court

*No. 84–1572–D. Filed March 5, 1986.*
(Also reported in 382 N.W.2d 439.)

PER CURIAM. *Motion for reconsideration; reconsideration denied.*

On December 16, 1985, the respondent in this disciplinary proceeding, Donald C. Haberman, filed a motion for reconsideration of the court's November 26, 1985 decision suspending his license to practice law in Wisconsin for two years for unprofessional conduct. In

his motion, the respondent contended he was denied due process in the disciplinary proceeding by reason of the referee's having struck his answer to the complaint and having conducted the proceeding as a default in response to the respondent's persistent refusal to submit to discovery in the course of the proceeding. The Board of Attorneys Professional Responsibility (Board) did not file a response to the motion for reconsideration.

We determine that the referee's action in striking the respondent's answer to the Board's complaint and thereafter conducting the disciplinary proceeding as a default was not improper and did not deny the respondent the right to due process in that proceeding. Accordingly, we deny the motion for reconsideration.

■

This court has held that the imposition of a sanction authorized by sec. 804.12(2)(a), Stats.,[1] which includes the striking out of a pleading and the rendering of a default judgment, is discretionary with the court. *In re Estate of Glass*, 85 Wis. 2d 126, 270 N.W.2d 386

---

[1] Section 804.12(2)(a), Stats., provides in part,

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

". . .

" 2.    An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence;

" 3.    An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

". . ."

(1978). This statute is applicable to attorney disciplinary proceedings, SCR 22.23(2), and a referee in a disciplinary proceeding has the powers of a judge trying a civil case, SCR 22.03. In *Glass* the court further held that the imposition of a sanction under that statute does not require a violation of a discovery order made by the court; failure to comply with the statutory directive itself is sufficient. *Id.,* 146–47.

In determining the propriety of a court's striking a pleading and granting a default judgment, this court has made the distinction between the imposition of those sanctions in response to a party's contempt and the use of those sanctions in order to maintain the "orderly administration of justice." *Hauer v. Christon,* 43 Wis. 2d 147, 150–51, 168 N.W.2d 81 (1969). In *Hauer* the court held that the striking of the defendant's answer and the dismissal of his counterclaim and the granting of the plaintiff's motion for default judgment constituted an abuse of discretion because those sanctions were imposed on the basis of the defendant's contempt. Referring to the U.S. Supreme Court decision in *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 29 Sup. Ct. 370, 53 L. Ed. 530 (1909), the court said:

". . . The supreme court took the view that the striking of the answer and the granting of the default judgment was only remotely punishment and the generating force of the power was the right to create a presumption flowing from the failure to produce. In this view, [in *Hovey v. Elliott,* 167 U.S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215 (1897)], due process was denied in a contempt by the refusal to hear the case while due process was preserved in the *Hammond Case* by the presumption that the refusal to produce evidence material to the administration of due process was an admission of want

of merit in the asserted defense. In *Hovey* the striking of the answer had no relation to its merits in the contempt case, but it did in the case of the refusal to produce evidence." *Id.,* 152–53.

This same distinction was made in *Dubman v. North Shore Bank,* 75 Wis. 2d 597, 249 N.W.2d 797 (1977), wherein the court reiterated its holding that the sanction of striking a pleading may not be exercised as a contempt penalty:

"The power can be exercised when evidence is withheld which relates to an essential element of the defense so as to warrant a presumption of fact that the defense has no merit. If imposed solely for failure to obey court orders, without evidence warranting a finding of no merit or bad faith, the sanction of striking a pleading . . . denies due process of law." *Id.,* 600–01.

This issue was most recently considered in *Midwest Developers v. Goma Corp.,* 121 Wis. 2d 632, 360 N.W.2d 554 (Ct. App. 1984), in which this court's holdings in *Hauer* and *Dubman, supra,* were cited as controlling.

In his memorandum in support of his motion for reconsideration, the respondent cited *Spevack v. Klein,* 385 U.S. 511, 87 Sup. Ct. 625, 17 L. Ed. 2d 574 (1967), suggesting it held that an attorney was entitled to refuse to produce records relating to a disciplinary proceeding. That suggestion is misleading, for *Spevack* was an attorney disciplinary proceeding in which the *only* misconduct under consideration was the attorney's refusal, on fifth amendment grounds, to produce documents or testify at the disciplinary proceeding. The narrow holding in *Spevack* is that an attorney's invocation of the fifth amendment privilege against self-

incrimination is not a permissible ground for disbarment.

In support of his argument, the respondent cited the following language, attributing it to *Spevack:*

"While the ground for his refusal was his constitutional right against self-incrimination, a right not asserted in the case before us, it seems clear that a lawyer is now entitled to refuse to produce records related to a disciplinary or disbarment proceeding against him. It follows that his refusal to produce such records is no longer a factor properly to be considered or given weight in determining the proper disposition of a disciplinary proceeding against him."

In fact, this language is from *State v. MacIntyre,* 41 Wis. 2d 481, 486, 164 N.W.2d 235 (1969), and was in response to *Spevack.* As stated in the opinion in the instant proceeding, the court qualified the statement cited above from *MacIntyre, supra,* in *State v. Postorino,* 53 Wis. 2d 412, 416–17, 193 N.W.2d 1 (1972), holding that an attorney's invocation of the fifth amendment in a disciplinary proceeding is not *in itself* a ground for disbarment but would permit an inference to be drawn on issues involving grounds for discipline. *Disciplinary Proceedings Against Haberman,* 126 Wis. 2d 411, 427, 376 N.W.2d 852 (1985).

The respondent's reliance on *Spevack, supra,* is misplaced. The discipline recommended by the referee and imposed by the court was in response to specific acts of the respondent's professional misconduct, acts which did not include his failure to submit to discovery in the course of the disciplinary proceeding. Part of that misconduct concerned the respondent's failure to cooperate with the Board in its investigation, but that

related to the investigation into two of the seven estates the respondent was found to have neglected.

Further, the respondent never claimed that his refusal to produce his records and be deposed was in any way connected with a claim against self-incrimination. Rather, his refusal was explicitly based on his contention that the Board, the referee and this court had no jurisdiction in the matter and would not obtain jurisdiction until such time as the probate court in which the estates were pending had made findings, conclusions and orders within the individual probate proceedings. It is significant that the respondent persisted in this claim even after this court denied his petition to dismiss the disciplinary proceeding on jurisdictional grounds.

The referee's striking of the respondent's answer and conducting the disciplinary proceeding as a default did not constitute an abuse of discretion. It is clear that those sanctions were not imposed as punishment for contempt.[2] Rather, the referee applied those sanctions in response to the respondent's persistent failure and refusal to produce evidence either in defense to the Board's allegations of unprofessional conduct or in support of his claimed defenses to those allegations.

---

[2] While the disciplinary proceeding was pending, the referee recommended that the respondent be fined $200 for contempt by reason of his failure to comply with the referee's orders that he produce subpoenaed documents and appear for a deposition in the course of the Board's initial investigation of this matter. The court accepted that recommendation and imposed the fine. *Disciplinary Proceedings Against Haberman,* 126 Wis. 2d 411, 414–415, 431, 376 N.W.2d 852 (1985).

IT IS ORDERED that the motion for reconsideration is denied.