IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jolie M. SEMANCIK, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jolie M. SEMANCIK, Respondent.

Supreme Court

*No. 2004AP1885–D. Decided October 14, 2005.*

2005 WI 139

(Also reported in 704 N.W.2d 581.)

¶ 1. PER CURIAM.   We review a report and recommendation filed by referee Rose Marie Baron recommending that Attorney Jolie M. Semancik's license to practice law in Wisconsin be suspended for a period of six months for professional misconduct committed in connection with her failure to pay for professional investigative services, that she be directed to pay a small claims judgment entered against her in the amount of $1855.92, plus interest, and that she be directed to pay the costs of this disciplinary proceeding which total $3613.14 as of April 20, 2005. We adopt the referee's findings of fact and conclusions of law and agree with the referee's recommendations in all respects.

¶ 2.   Attorney Semancik was admitted to the practice of law in Wisconsin in 1994. Her license to practice law has been temporarily suspended since April 6, 2005,

25

for her failure to cooperate in this disciplinary investigation. She has not previously been subjected to formal discipline.

¶ 3. The misconduct alleged in this proceeding relates to Attorney Semancik's failure to pay for services she received from private investigator Scott Bretl, whom she retained in connection with criminal law matters she received through appointments with the Office of the State Public Defender.

¶ 4. The complaint filed by the Office of Lawyer Regulation (OLR) on July 16, 2004, alleged that Attorney Semancik retained Bretl to investigate a case involving her client, M.W. On March 13, 2002, Bretl submitted an invoice to Attorney Semancik in the amount of $473.92, reflecting his fees in the M.W. matter. On April 19, 2002, Attorney Semancik in turn, sent an invoice to the Office of the State Public Defender that included both her attorney fees and Bretl's investigative fees relating to the M.W. matter. On May 24, 2002, the Office of the State Public Defender issued a check to Attorney Semancik in the amount of $1549.92, reflecting payment for the claimed attorney fees and investigative fees. Bretl was entitled to receive $473.92 of that amount.

¶ 5. Attorney Semancik neither deposited the funds into her trust account nor notified Bretl that she had received funds to which he was entitled. When she endorsed and cashed the check on May 28, 2002, Attorney Semancik did not pay Bretl for his work.

¶ 6. Attorney Semancik also retained Bretl to investigate the case of her client, W.A., and, on August 13, 2002, Bretl submitted an invoice in the amount of $242.64 reflecting his fees in the W.A. matter.

¶ 7. On August 15, 2002, Attorney Semancik submitted an invoice to the Office of the State Public

26

Defender seeking payment for her attorney fees and for Bretl's investigative fees. On August 26, 2002, the Office of the State Public Defender issued Attorney Semancik a check in the amount of $508.64 reflecting payment of both Attorney Semancik's fee and Bretl's fee of $242.64. Again, Attorney Semancik failed to notify Bretl that she had received the funds and failed to pay Bretl for his services.

¶ 8. Attorney Semancik also retained Bretl to investigate the case of her client, I.M., and, on November 2, 2002, Bretl submitted an invoice in the amount of $231.04 reflecting his fees in the I.M. matter. On November 8, 2002, Attorney Semancik submitted an invoice to the Office of the State Public Defender seeking payment for her attorney fees and Bretl's investigative fees. On November 22, 2002, the Office of the State Public Defender issued Attorney Semancik a check in the amount of $823.44 as payment in the I.M. matter and another client matter. The check included payment of $231.04 reflecting Bretl's fee. Again, Attorney Semancik neither deposited the funds into her trust account nor notified Bretl that she had received funds to which he was entitled. When she endorsed and cashed the check on November 25, 2002, Attorney Semancik did not pay Bretl.

¶ 9. Attorney Semancik also retained Bretl to investigate client, D.G.'s case, and, on August 13, 2002, Bretl submitted to Attorney Semancik an invoice for the D.G. matter in the amount of $214.24. Attorney Semancik also retained Bretl to investigate client, R.T.'s case, and, on November 2, 2002, Bretl sent Attorney Semancik an invoice for the R.T. matter in the amount of $526.08.

¶ 10. On November 13, 2002, Attorney Semancik submitted to the Office of the State Public Defender an

27

invoice seeking payment for her attorney fees and Bretl's investigative fees in the R.T. matter. On November 15, 2002, Attorney Semancik submitted an invoice to the Office of the State Public Defender seeking payment for her attorney fees and Bretl's investigative fees in the D.G. matter.

¶ 11.  On November 22, 2002, the Office of the State Public Defender issued Attorney Semancik a check in the amount of $1558.32 reflecting payments for the D.G. matter, the R.T. matter, and another client matter. The check also included payments for Bretl's fees submitted in the D.G. matter and the R.T. matter. Again, Attorney Semancik neither deposited the funds in her trust account nor notified Bretl that she had received funds to which he was entitled. When she endorsed and cashed the check on November 25, 2002, she did not pay Bretl for his work on either the D.G. or the R.T. matter.

¶ 12.  Indeed, Bretl only learned that the Office of the State Public Defender had made payments for his services to Attorney Semancik when he telephoned them to inquire about his fees. When Bretl asked Attorney Semancik about her receipt of these payments, Attorney Semancik's response was "I guess I spent it."

¶ 13.  On February 21, 2003, Bretl filed a small claims action against Attorney Semancik in an attempt to collect his earned fees. On March 20, 2003, the Milwaukee County Circuit Court entered a judgment in the small claims action in the amount of $1855.92 in favor of Bretl and against Semancik. *See North Shore Investigations v. Semancik,* Milwaukee County Case No. 2003SC005090.

¶ 14.  On August 27, 2003, Attorney Semancik stated to OLR staff that she believed she had only

received one check from the Office of the State Public Defender that had contained funds belonging to Bretl, and that those funds were deposited into her business account. She stated further that she might not have known that she had received the check since the secretary at her former law firm might have deposited the check without her knowledge. She also claimed that her failure to pay Bretl was due to an accounting error, and that once she learned of the error, she tried to make payment arrangements with Bretl, but that Bretl refused to accept payments.

¶ 15. On September 19, 2003, the OLR sent correspondence to Attorney Semancik questioning her statement that she had been unaware that her firm had received the four checks from the Office of the State Public Defender, even though Attorney Semancik had personally endorsed three of the checks. Attorney Semancik explained that, at the time of her prior conversation with OLR intake staff, she did not have her file.

¶ 16. The complaint in this matter was filed on July 16, 2004. No timely answer was filed and the OLR moved for default judgment. Attorney Semancik then filed a tardy answer and the matter proceeded. However, Attorney Semancik failed to appear for her own deposition and the OLR filed a motion for sanctions and default judgment. The motion was ultimately granted.

¶ 17. The referee noted that Attorney Semancik had denied some of the findings of fact and counts alleged against her and that these disputed matters were intended to be the subject of a hearing scheduled for February 4, 2005. However, that hearing was cancelled because Attorney Semancik claimed that she had retained counsel to represent her at the hearing and that additional time was required for the attorney to properly prepare the case. The legal representation was

never formalized, however, and after many delays, a final telephonic status conference was scheduled on March 3, 2005. Attorney Semancik failed to appear at that conference. She neither contacted the referee nor made herself available for a second conference scheduled for March 4, 2005. Only counsel for the OLR appeared at that conference.

¶ 18.    Following that conference the OLR submitted a pre-report submission on judgment and sanctions to the referee. A copy was provided to Attorney Semancik.

¶ 19.    On March 11, 2005, the referee sent a letter to Attorney Semancik informing her that unless she responded to the OLR arguments regarding her failure to cooperate, as well as to the allegations in the disciplinary complaint by March 23, 2005, the referee would proceed to prepare the report for the supreme court. Attorney Semancik did not respond.[1]

¶ 20.    The referee also noted that Attorney Semancik had failed to meet various other deadlines including the late filing of her answer, failure to appear at her own deposition, failing to provide a witness list, and failing to appear at scheduled conferences and hearings. The referee described Attorney Semancik's conduct as "egregious." Indeed, the referee concluded that the sanctions sought by the OLR were authorized under Wis. Stat. §§ 802.10 and 805.03 and were war-

---

[1] On February 4, 2005, this court issued an order directing Attorney Semancik to show cause why her license to practice law should not be temporarily suspended for failure to cooperate with this OLR proceeding. Attorney Semancik failed to respond to that directive and, by order dated April 6, 2005, Attorney Semancik's license to practice law was temporarily suspended for failure to cooperate with this disciplinary proceeding.

ranted for Attorney Semancik's conduct in this proceeding. Accordingly, the referee struck Attorney Semancik's answer and the matter was handled as a default proceeding.

¶ 21. The referee then found that Attorney Semancik did not, in fact, make any offer to reimburse Bretl. While she once indicated to Bretl's attorney that she would do so, the referee found that no action was taken on that comment.

¶ 22. The referee concluded further that by failing to deposit into her trust account four checks from the State Public Defender's office that contained funds belonging to Bretl, Attorney Semancik failed to hold in trust, separate from her own property, that property of a third person that was in her possession in connection with a representation, in violation of former SCR 20:1.15(a).[2]

¶ 23. The referee concluded further that by failing to notify Bretl of the receipt of funds in which Bretl had an interest, and by failing to deliver those funds to Bretl, Attorney Semancik failed to notify Bretl promptly in writing of her receipt of the funds and failed to promptly deliver to Bretl funds to which he was entitled, in violation of former SCR 20:1.15(b).[3]

¶ 24. In addition, the referee found that by converting to her own use, funds received from the Office

[2] Former SCR 20:1.15(a) applies to misconduct committed prior to July 1, 2004. It provides in pertinent part:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. . . . All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts.

[3] Former SCR 20:1.15(b) provides:

31

of the State Public Defender as payment for Bretl's work, Attorney Semancik engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[4]

¶ 25. The referee agreed with the OLR's recommendation regarding discipline, concluding that a six-month suspension was appropriate discipline for Attorney Semancik's misconduct in this matter. The referee also recommended this court direct Attorney Semancik to satisfy Bretl's small claims judgment in the amount of $1855.92, plus interest, and also assess costs in this matter.

¶ 26. We agree that the referee's decision to strike Attorney Semancik's answer was an appropriate sanction for the egregious procedural violations and delays occasioned by Attorney Semancik. *See, e.g., In re Disciplinary Proceedings Against Haberman,* 128 Wis. 2d 390, 382 N.W.2d 439 (1986) (holding it was not an abuse of discretion to strike answer and proceed on default in response to procedural violations).

¶ 27. Based on our independent review of this matter, we adopt the referee's findings of fact and conclusions of law. We also approve the referee's recom-

---

Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[4] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

mendation for a six-month suspension, the recommendation that we direct Attorney Semancik to satisfy the small claims judgment entered against her, and that we require Attorney Semancik to pay the costs of this proceeding.

¶ 28. IT IS ORDERED that the license of Jolie M. Semancik to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 29. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Jolie M. Semancik shall satisfy the judgment entered against her in favor of Scott Bretl, in the amount of $1855.92, plus post-judgment interest, in the matter of *North Shore Investigations v. Semancik,* Milwaukee County Case No. 2003SC005090 (judgment entered March 20, 2003). If the judgment is not satisfied within the time specified and absent a showing to this court of her inability to make the restitution within that time, the license of Jolie M. Semancik to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 30. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Jolie M. Semancik shall pay to the Office of Lawyer Regulation the costs of this proceeding. If those costs are not paid within the time specified, and absent a showing to this court of an inability to pay those costs within that time, the license of Attorney Semancik to practice law shall remain suspended until further order of the court.

¶ 31. IT IS FURTHER ORDERED that if she has not already done so, Attorney Jolie M. Semancik comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.