# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2780-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jolie M. Semancik, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>        Complainant, <br>    v. <br> Jolie M. Semancik, <br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SEMANCIK

| | |
|---|---|
| OPINION FILED: | March 18, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2013AP2780-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jolie M. Semancik, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Jolie M. Semancik,**

      **Respondent.**

**FILED**

**MAR 18, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1  PER CURIAM.  On August 29, 2014, referee Christine Harris Taylor filed a report recommending that Attorney Jolie M. Semancik be declared in default, concluding that Attorney Semancik engaged in serious professional misconduct warranting revocation of her license to practice law in Wisconsin, and recommending that the court impose the costs of this proceeding. Subsequently, the referee twice amended her report, first to correct a statement and clarify that the costs should be imposed

on Attorney Semancik, and second to accede to the request of the Office of Lawyer Regulation (OLR) that she recommend a restitution order, although restitution was not requested in either the disciplinary complaint or in the OLR's motion for default judgment.

¶2 We conclude that the referee's findings of fact pertaining to Attorney Semancik's ethical misconduct are supported by satisfactory and convincing evidence in the record. Attorney Semancik failed to present a defense despite being given multiple opportunities to do so, and we declare her to be in default. We further agree that the seriousness of Attorney Semancik's misconduct warrants the revocation of her license to practice law in Wisconsin. In addition, we conclude that the full costs of this proceeding, which are $840.56 as of October 28, 2014, should be assessed against Attorney Semancik, and we direct Attorney Semancik to pay $108,000 in restitution, as ordered by the Milwaukee County Circuit Court and recommended by the referee.

¶3 Attorney Semancik was admitted to practice law in Wisconsin in 1994. In 2005, this court suspended Attorney Semancik's license for six months for converting funds in her trust account that the Office of the State Public Defender had provided to pay an investigator. In re Disciplinary Proceedings Against Semancik, 2005 WI 139, 286 Wis. 2d 24, 704 N.W.2d 581. Her license remains suspended.

¶4 On November 7, 2012, the Milwaukee County District Attorney charged Attorney Semancik with felony theft -

embezzlement of over $10,000. State of Wisconsin v. Jolie M. Semancik, Milwaukee County Case No. 2012-CF-5523. The criminal complaint alleged that between January 2010 and July 2012, Attorney Semancik stole $80,674.50 from the title company where she was a vice president and operations manager. Attorney Semancik wrote several checks for her own benefit from company accounts and made false entries into records to disguise her acts. On March 25, 2013, Attorney Semancik pled no contest to the charge and was convicted. As part of her sentencing, the Milwaukee County Circuit Court ordered her to pay a total of $108,000 in restitution to Mayfair Title Company ($58,000) and Society Insurance Company ($50,000).

¶5 On December 17, 2013, the OLR filed a disciplinary complaint against Attorney Semancik alleging one count of professional misconduct arising from her criminal conviction. On January 31, 2014, Attorney Semancik was personally served with the complaint and order to answer.

¶6 Other than a single appearance at a telephone scheduling conference on April 9, 2014, at which she indicated that she did not intend to file an answer, Attorney Semancik has not participated in these proceedings. She did not appear at the scheduling conference on May 12, 2014, despite efforts to contact her by telephone and email. She did not respond to correspondence from the OLR attempting to resolve this matter by stipulation. She did not respond to a scheduling order advising her that the OLR intended to seek default judgment if she failed to submit an answer by June 17, 2014. No answer was ever filed.

3

¶7    When Attorney Semancik failed to appear at the June 17, 2014 scheduling conference, the referee scheduled a default hearing.  On June 23, 2014, the OLR filed its expected motion for default judgment.  Attached to the supporting affidavit was a copy of the criminal complaint filed against Attorney Semancik, a copy of her judgment of conviction, and excerpts from transcripts of her plea hearing and the ensuing sentencing hearings.

¶8    The default motion asked the referee to determine that the OLR had properly served Attorney Semancik under Supreme Court Rule (SCR) 22.13(1).[1]    The motion further sought a determination that Attorney Semancik was in default by failing to timely file an answer to the complaint.  The motion sought an order for default judgment and issuance of a report making findings of fact and conclusions of law consistent with the allegations in the complaint.

¶9    The referee filed an order on July 15, 2014, recommending that this court grant the OLR's motion for default judgment.  By recommending that this court grant the motion for

---

[1] SCR 22.13(1) provides:

> The complaint and the order to answer shall be served upon the respondent in the same manner as a summons under section 801.11(1) of the statutes.  If, with reasonable diligence, the respondent cannot be served under section 801.11(1)(a) or (b) of the statutes, service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar.

4

default judgment, the referee implicitly incorporated by reference the allegations in the OLR's complaint and deemed them established.

¶10 On August 29, 2014, the referee issued a report finding that the OLR had proven the allegations in the complaint and concluding that Attorney Semancik's criminal conviction for felony theft (embezzlement) violated SCR 20:8.4(b), which provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."  The referee recommended that Attorney Semancik's license be revoked and that she be ordered to pay the full costs of this proceeding.[2]

¶11 On September 19, 2014, the OLR wrote to the referee, asking the referee to recommend imposing restitution on Attorney Semancik in the amount of $108,000.  The OLR conceded that it had failed to include this request in either its complaint or as part of the requested relief in the default proceeding.  It explained that the restitution order sought is identical to that already imposed on Attorney Semancik in the underlying state court criminal proceeding.  On October 10, 2014, the referee issued a second amended report noting that Attorney Semancik did

---

[2] On September 3, 2014, the OLR requested that the referee correct the report to accurately reflect the OLR's recommendation as to costs; on September 9, 2014, the referee issued an amended report clarifying that the costs should be imposed on Attorney Semancik.

5

not respond to the motion, repeating the OLR's motion to modify the report nearly verbatim, and recommending that the court impose the requested restitution award.

¶12 Attorney Semancik has not filed an appeal from the referee's report and recommendation. Accordingly, our review proceeds pursuant to SCR 22.17(2).[3]

¶13 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶14 We agree with the referee that Attorney Semancik should be declared in default. Although the OLR properly effected service of its complaint pursuant to SCR 22.13(1) and although Attorney Semancik was given notice of the hearing on the motion for default judgment, she failed to appear or present a defense. Accordingly, we declare her in default.

---

[3] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶15 We also agree that the allegations in the OLR's complaint have been established and that Attorney Semancik engaged in the misconduct alleged in the complaint, namely, a violation of SCR 20:8.4(b). We further agree that revocation is an appropriate sanction for Attorney Semancik's serious misconduct, and we agree that she should pay the full costs of the proceeding.

¶16 We also accept the recommendation regarding restitution. The belated nature of the OLR's request for restitution would be problematic if Attorney Semancik had participated in these proceedings, but in this case, she indicated she did not intend to participate in the disciplinary proceeding. Attorney Semancik is already subject to the requested restitution, as it was imposed by the Milwaukee County Circuit Court in her underlying state court criminal proceeding.

¶17 IT IS ORDERED that the license of Jolie M. Semancik to practice law in Wisconsin is revoked, effective the date of this order.

¶18 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jolie M. Semancik shall pay a total of $108,000 in restitution, to Mayfair Title Company ($58,000) and Society Insurance Company ($50,000), consistent with the order rendered by the Milwaukee County Circuit Court in State of Wisconsin v. Jolie M. Semancik, Case No. 2012-CF-5523.

¶19 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jolie M. Semancik shall pay to the Office of Lawyer Regulation the costs of this proceeding.

7

¶20  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶21  IT IS FURTHER ORDERED that, to the extent she has not already done so, Jolie M. Semancik shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been revoked.