IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jay Andrew FELLI, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Jay Andrew FELLI, Respondent-Appellant.

Supreme Court

No. 2003AP1333–D. Oral argument February 3, 2005.
—Decided May 25, 2005.

2005 WI 58

(Also reported in 697 N.W.2d 42.)

For the respondent-appellant there were briefs by *Terry E. Johnson, Heidi M. Biasi* and *Peterson, Johnson & Murray, S.C.,* Milwaukee, and oral argument by *Terry E. Johnson.*

For the complainant-respondent there was a brief by *Robert G. Krohn* and *Roethe, Krohn, Pope, McCarthy, Haas & Robinson, LLP,* Edgerton, and oral argument by *Robert G. Krohn.*

¶ 1. PER CURIAM. Attorney Jay Andrew Felli has appealed from a referee's report concluding that he engaged in professional misconduct and recommending that his license to practice law in Wisconsin be suspended for a period of three months.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We also agree with the referee's conclusions of law that Attorney Felli engaged in professional misconduct. We conclude, however, that the appropriate discipline for the misconduct is a public reprimand rather than a suspension of his license to practice law. We agree with the referee that the costs of the proceedings should be assessed against Attorney Felli.[1]

¶ 3. Attorney Felli was admitted to practice law in Wisconsin in 1994 and practices in Brookfield. In 1998 he received a private reprimand for failure to timely pay his Wisconsin State Bar dues. He has not been the subject of any other previous discipline.

---

[1] The total costs assessment in this matter, as of February 24, 2005, is $22,171.60.

¶ 4. In May 2003, the Office of Lawyer Regulation (OLR) filed a complaint alleging that Attorney Felli engaged in professional misconduct with respect to his representation of three clients. The OLR's complaint alleged 11 counts of misconduct. Kathleen Callan Brady was appointed referee in the matter. Three days of hearings were held in early 2004. On June 7, 2004, the referee filed her report and recommendation in which she concluded that the OLR had proven three out of the 11 counts of misconduct alleged in its complaint. The OLR had sought a one-year suspension of Attorney Felli's license. As noted above, the referee recommended a three-month suspension.

¶ 5. The majority of the counts of misconduct alleged in the OLR's complaint involved his representation of S.R., a woman who retained Attorney Felli in a divorce action filed by her husband, J.R., in Milwaukee County Circuit Court. The couple had been married for 20 years but had lived apart for five. The divorce was quite amicable. The primary issue of concern was S.R.'s need for continuing health insurance coverage after the divorce. S.R. had a history of severe asthma that required frequent and costly medical treatment. Both she and her husband wanted to find a way for her to continue her insurance coverage. During their marriage S.R. had insurance coverage through her husband's union plan, but that coverage would end if they were divorced. While S.R. could possibly rely on the Consolidated Omnibus Budget Reconciliation Act (COBRA) to temporarily maintain her insurance coverage for an additional 18 months to three years after the divorce, COBRA was not a viable option for her because the cost would be prohibitive and she would unlikely be able to afford the premiums.

28

¶ 6.    The attorneys for both parties tried to resolve the insurance coverage issue by holding open the divorce case on the trial court's docket for three years, at which time S.R. would be 65 years old and eligible for Medicare. When counsel broached the idea with the judge, the judge told the attorneys he would not allow the case to linger on his docket for so long. The judge suggested that the parties could agree to terminate the divorce proceeding, put together another proposed marital settlement agreement, and let that agreement be the agreement used in the future divorce action to be filed when S.R. turned 65 and could qualify for Medicare.

¶ 7.    A preliminary agreement was reached whereby S.R.'s husband would keep his pension, but would continue to insure S.R. until she turned 65. The agreement provided that the divorce would be voluntarily dismissed until S.R. turned 65 and qualified for Medicare. Attorney Felli drew up a proposed marital settlement agreement which he sent to Attorney Stanley Lind, counsel for S.R.'s husband, sometime before December 18, 2000. The trial court had set December 18, 2000 as the date on which the divorce case would be administratively dismissed if it were not voluntarily dismissed pursuant to a settlement before that date.

¶ 8.    Attorney Felli said he believed that S.R.'s husband would sign the agreement before the dismissal date and that Attorney Lind would then file a motion to dismiss the case so that no one would have to appear at the administrative dismissal hearing on December 18, 2000. However, S.R.'s husband never signed the marital settlement agreement, so Attorney Lind did not file a motion to dismiss. At the December 18, 2000 dismissal hearing, neither Attorney Felli nor S.R. appeared. Although Attorney Felli knew about the court date, he

said he did not believe an appearance was necessary because the parties had negotiated a settlement. Attorney Lind appeared at the dismissal hearing and explained to the court that while a settlement had been reached, his client had not yet executed the agreement. The trial court dismissed the divorce case, as had been expected, on Attorney Lind's motion.

¶ 9. Following the termination of her insurance benefits through S.R.'s husband's coverage, S.R. was able to get Title XIX coverage. Attorney Richard Podell, a family law expert who testified at the hearing before the referee in this matter, said that S.R. was not damaged by the failure to get a marital settlement agreement executed before the divorce action was dismissed. Attorney Podell said the fact S.R.'s husband did not sign the agreement before the dismissal actually benefited S.R. as it enhanced the chance that the agreement would be enforced as a valid postnuptial agreement.

¶ 10. The referee concluded that by failing to appear at the December 18, 2000 divorce hearing, Attorney Felli violated SCR 20:1.3.[2]

¶ 11. In response to the OLR's investigation, Attorney Felli forwarded correspondence he had allegedly sent to S.R. One of the items forwarded to the OLR was a letter dated December 1, 2000, in which Attorney Felli advised S.R. that Attorney Lind had told Attorney Felli he had signed the stipulated marital property agreement and forwarded it to S.R.'s husband. The referee concluded that the letter was inconsistent with Attorney Lind's deposition testimony which was that Attorney Felli sent Attorney Lind the marital property

---

[2] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

agreement on December 14, 2000. The referee concluded that Attorney Felli made misrepresentations to the OLR with respect to the letter, in violation of SCR 22.03(6).[3]

¶ 12.   The referee found that the OLR did not prove by clear, convincing and satisfactory evidence any of the violations set forth in the remaining counts of its complaint with respect to the handling of S.R.'s case.[4]

¶ 13.   The OLR's complaint also alleged three counts of misconduct with respect to Attorney Felli's representation of C.K., who retained Attorney Felli to apply for Title XIX benefits on behalf of her father, H.K. C.K. was advised by Attorney Felli that his legal fees would be $1500 for the preparation of all paperwork and attendance at the application hearing. C.K. paid Attorney Felli $1500 in advance. At the time Attorney Felli was retained, H.K. was in a nursing home facility and Medicare was paying for the cost of his stay, but it was possible that his Medicare coverage would terminate.

¶ 14.   On September 28, 2000, Attorney Felli faxed the first page of the Title XIX application to the Milwaukee County Department of Human Services. On

---

[3] SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] The OLR's complaint also alleged that Attorney Felli failed to provide competent representation to a client, failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and failed to return an advance payment of a fee that had not been earned.

October 3, 2000, the Milwaukee County caseworker sent Attorney Felli a form entitled "Request for Verification Letter" asking for verification of information concerning the application. The form set a deadline for submission of the information of October 17, 2000. Attorney Felli called the caseworker and left a voicemail message indicating that the letter was erroneous and that Title XIX provisions allowed for a 30–day application process. Attorney Felli requested a meeting to review the application with a caseworker, and a meeting was scheduled for October 24, 2000.

¶ 15. On October 18, 2000, C.K. called Attorney Felli and advised that her father's Medicare benefits were being cut off that day. Attorney Felli told C.K. he would try to expedite the Title XIX application process. H.K. died the following day. C.K. called Attorney Felli's office after her father's death and left a voicemail message informing Attorney Felli of her father's death and saying the hearing was unnecessary.

¶ 16. The referee found that Attorney Felli willfully failed to turn over to the OLR a November 11, 2000 letter addressed to the Wisconsin Department of Health and Family Services saying that Attorney Felli was enclosing the Title XIX benefits application and confirming a Title XIX interview scheduled in the matter for November 19, 2000. Attorney Felli testified at the hearing before the referee that he personally typed the letter in question but could not recall exactly when he did so and his best estimate was that he typed it sometime in October 2000. Attorney Felli testified he never intended to represent to the OLR that the letter accurately reflected a letter he had sent to the Department of Health and Family Services in the H.K. matter,

and he testified it was not possible the letter was generated on November 11, 2000 because he was out of the state on that date.

¶ 17. Attorney Felli admitted that he could not explain why the letter was in H.K.'s file or why it was dated November 11, 2000. He offered the theory that he may have pulled up a letter in the H.K. matter on his computer and revised it to send to the department on a different Title XIX case he was handling, changing the date but forgetting to change the client's name. The referee concluded that by misrepresenting the nature and extent of his contacts with the Department of Health and Family Services to the OLR staff and to OLR district committee investigators, Attorney Felli violated SCR 22.03(6).[5]

¶ 18. The OLR's complaint had also alleged two counts of misconduct with respect to Attorney Felli's handling of a matter for a third client. The referee found that the OLR failed to present clear, convincing and satisfactory evidence to support either of its claims of misconduct regarding this client. The OLR did not appeal from the referee's report and recommendation.

¶ 19. Attorney Felli appealed, arguing that the OLR failed to offer clear, convincing and satisfactory evidence that he committed any violations of supreme court rules. With respect to his representation of S.R., Attorney Felli admits that in hindsight he should have appeared at the December 18, 2000 hearing, but he says at the time he did not believe an appearance was necessary because the parties had negotiated a settle-

---

[5] The OLR found there was no clear, convincing and satisfactory evidence to support the OLR's allegations on the other two counts alleged in the complaint which were failing to act with reasonable diligence and promptness in representing a client and failing to refund an unearned fee.

ment. Attorney Felli points out that Attorney Podell, his expert witness, characterized S.R. as better served by having the divorce action dismissed since she remained married and therefore insured through her husband's union coverage.

¶ 20.  With respect to the December 1, 2000 letter, Attorney Felli says Attorney Lind's memory was at times sketchy, and Attorney Felli asserts Attorney Lind was mistaken about a number of matters. Attorney Felli argues that while the OLR based its claim that he fraudulently created the letter and that it was never sent to S.R. on the fact that S.R. did not have a copy of the letter in her files, by her own admission S.R.'s house was disorganized. Attorney Felli also asserts the OLR found no evidence suggesting that Attorney Felli fraudulently manufactured the December 1, 2000 letter during the course of the OLR's investigation.

¶ 21.  With respect to the November 11, 2000 letter addressed to the Wisconsin Department of Health and Family Services found in the H.K. file, Attorney Felli says it is impossible to know why the letter was dated November 11, 2000, but that there is no proof he made any willful misrepresentations to the OLR when he produced the letter and instead he asserts he discharged his obligation to provide the OLR with all documents referencing or otherwise pertaining to the H.K. case.

¶ 22.  Attorney Felli argues that the referee's conclusions of law with respect to the three counts on which he was found to have engaged in misconduct should be reversed. In the alternative, he argues that in the event the court does find that he engaged in misconduct, the referee's recommendation for a three-month suspension of his license to practice law is excessive and a lesser discipline should be imposed.

¶ 23. The OLR argues that it did sustain its burden of proof regarding the three counts of professional misconduct found proven by the referee. The OLR also asserts that the seriousness of the misconduct warrants a suspension of Attorney Felli's license to practice law.

¶ 24. A referee's findings of fact are to be affirmed unless they are clearly erroneous. *In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Carroll,* 2000 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. The record supports the referee's findings of fact and conclusions of law and we adopt them.

¶ 25. Although this court takes into account the referee's recommendation as to appropriate discipline, it does not accord the referee's recommendation any conclusive or great weight, and it is this court's responsibility to determine the appropriate discipline to be imposed for an attorney's misconduct. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. The lawyer regulation system in this state has been established to, among other things, "protect the public from misconduct by persons practicing law in Wisconsin." *See* Preamble to SCR Chapter 21. In imposing discipline for professional misconduct, this court considers several factors including: (1) the seriousness, nature and extent of the misconduct; (2) the level of discipline needed to protect the public, the court, and the legal system from repetition of the attorney's misconduct; (3) the need to impress upon the attorney the seriousness of the mis-

conduct; and (4) the need to deter other attorneys from committing similar misconduct. *Carroll,* 248 Wis. 2d 662, ¶ 40.

■

¶ 26. Under all the circumstances of this case, including the fact that this is the first time Attorney Felli has been disciplined for professional misconduct, the fact that the referee specifically found that Attorney Felli did represent S.R.'s interest and that S.R. was not damaged by Attorney Felli's representation, we conclude a public reprimand is the appropriate sanction to be imposed.

¶ 27. IT IS ORDERED that Attorney Jay Andrew Felli is publicly reprimanded for his professional misconduct as determined in this matter.

¶ 28. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Jay Andrew Felli pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified, and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney Jay Andrew Felli to practice law in Wisconsin shall be suspended until further order of the court.

¶ 29. SHIRLEY S. ABRAHAMSON, C.J. (*concurring*). My concurrence in *In re Disciplinary Proceedings Against Konnor,* 2005 WI 37, 279 Wis. 2d 284, 694 N.W.2d 376, provides context and perspective regarding costs in disciplinary proceedings and also stands as a concurrence in the present case. *See also In re Disciplinary Proceedings Against Polich,* 2005 WI 36, 279 Wis. 2d 266, 694 N.W.2d 367 (Abrahamson, C.J., concur-

ring); *In re Disciplinary Proceedings Against Backes,* 2005 WI 59, 281 Wis. 2d 1, 697 N.W.2d 49 (Abrahamson, C.J., concurring).

¶ 30.    Keith Sellen, Director of the Office of Lawyer Regulation, has filed an administrative rules petition proposing certain changes to the Supreme Court Rules relating to assessment of costs. The court will hear the petition in the fall of this year. *See* Rules Petition 05–01, *In the Matter of the Petition for Amendment to Supreme Court Rule 22.0001(3) Relating to Cost Assessments in the Lawyer Regulation System* (Jan. 18, 2005).

¶ 31.    Until the court decides the petition, I would continue the court's practice of generally assessing full costs.

¶ 32.    I am authorized to state that Justice N. PATRICK CROOKS joins this opinion.

¶ 33. LOUIS B. BUTLER, JR., J. *(concurring in part, dissenting in part).*    I join the court's decision and order as to the discipline imposed in this action. I write separately because I disagree with the court that full costs should be imposed in this case. For the reasons stated in my concurring in part, dissenting in part, opinions in *In re Disciplinary Proceedings Against Polich,* 2005 WI 36, 279 Wis. 2d 266, 694 N.W.2d 367, and *In re Disciplinary Proceedings Against Backes,* 2005 WI 59, 281 Wis. 2d 1, 697 N.W.2d 49, because Attorney Felli was absolved of any misconduct in the matter involving a third unnamed client, *see* per curiam op., ¶ 18, I would not assess any costs for the two counts associated with that matter. I would adopt a "substantially related" test for violations that were not established by Office of Lawyer Regulation ("OLR") before assessing costs on counts for which there was no

proof. Costs should not be assessed against an attorney in unrelated, unsuccessful counts where no misconduct has been found concerning a particular client. Such an assessment simply does not support the purposes underlying the factors we consider in determining the appropriate level of discipline where misconduct has occurred but in unrelated matters.

¶ 34. I therefore respectfully dissent from that portion of the court's opinion that assesses full costs against Attorney Felli. I concur with the remainder of the decision.

¶ 35. I am authorized to state that Justices DAVID T. PROSSER, JR. and PATIENCE DRAKE ROGGENSACK join this opinion.