In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jay Andrew FELLI, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jay Andrew FELLI, Respondent.

Supreme Court

*No. 2005AP1939–D. Decided May 9, 2007.*

2007 WI 49

(Also reported in 730 N.W.2d 892.)

¶ 1. PER CURIAM.   We review the recommendation of the referee to revoke Attorney Jay Andrew Felli's

license to practice law in Wisconsin due to professional misconduct. The misconduct involves dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).[1] No appeal has been filed.

¶ 2. We approve the referee's findings of fact and conclusions of law. We determine that the seriousness of Attorney Felli's misconduct warrants revocation of his license to practice law. We assess costs of the disciplinary proceeding against Attorney Felli.

¶ 3. Attorney Felli was admitted to practice in 1994 and practiced in Brookfield, Wisconsin. His prior disciplinary history includes a public reprimand for failing to act with reasonable diligence and promptness in representing a client; willfully failing to provide relevant information to the Office of Lawyer Regulation (OLR); and failing to admit misrepresentations to the OLR in connection with the investigation of two client matters. *See In re Disciplinary Proceedings Against Felli,* 2005 WI 58, 281 Wis. 2d 25, 697 N.W.2d 42 (*Felli I*).

¶ 4. Following a separate proceeding, Attorney Felli's license to practice law in Wisconsin was suspended for three years effective July 27, 2006, for professional misconduct. The misconduct consisted of multiple rules violations in various estate matters, and included: (1) SCR 20:7.3(f),[2] prohibiting a lawyer from drafting documents which implied that his services be

---

[1] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[2] SCR 20:7.3(f) provides that "[e]xcept as permitted under SCR 11.06, a lawyer, at his or her instance, shall not draft legal documents, such as wills, trust instruments or contracts, which require or imply that the lawyer's services be used in relation to that document."

used in connection with that document by causing himself to be named trustee, personal representative, or guardian or by providing himself with an actual power of attorney in the representation of these other clients; (2) SCR 20:1.7(b),[3] prohibiting conflicts of interest; (3) SCR 20:1.1,[4] requiring competent representation; (4) SCR 20:8.4(c), prohibiting conduct involving dishonesty, fraud, deceit and misrepresentation; (5) SCR 20:1.4(b),[5] requiring explanations to permit the client to make informed decisions regarding representation, and (6) SCR 22:03(6),[6] prohibiting a lawyer from

---

[3] SCR 20:1.7(b) provides:    Conflict of interest: general rule

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

[4] SCR 20:1.1 states that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[5] SCR 20:1.4(b) states that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[6] SCR 22.03(6) states that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

willfully failing to provide information and making misrepresentations to the OLR. *See In re Disciplinary Proceedings Against Felli,* 2006 WI 73, 291 Wis. 2d 529, 718 N.W.2d 70 (*Felli II*).

¶ 5. In the instant matter, the OLR has filed a disciplinary complaint alleging that while trustee of a charitable trust which he had created on behalf of his client, J.G., Attorney Felli fraudulently wrote a $2500 check drawn on the trust as payable to a business he owned. The disciplinary complaint alleges that Attorney Felli attempted to disguise the check as a charitable contribution on behalf of the trust. The complaint charged Attorney Felli with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).

¶ 6. Following a June 27, 2005 hearing, the referee determined that the complaint's allegations were proven by clear, satisfactory and convincing evidence. The referee found that after J.G. retained Attorney Felli, he drafted documents to create a lead charitable trust and appointed himself trustee. In August 2004 the trust was funded with $1 million deposited in a securities account. Attorney Felli provided for trustee fees in the amount of 1.75 percent of the trust assets each year. Six percent of the assets were to be distributed to charity each year until the trust terminated on December 31, 2020. The trust agreement did not specify the charitable beneficiaries to be selected. Although Attorney Felli had sole authority to select the charitable beneficiaries, he had made clear to J.G. that she would have input on selection of the charitable beneficiaries and the beneficiaries would be jointly selected.

¶ 7. Attorney Felli owned a company called Phoenix Customs, LLC, located in Franklin, Wisconsin, of which he was the sole member. The business built

motorcycles and sold parts. Phoenix Customs, LLC had an account with the Tri-City National Bank.

¶ 8. In November 2004 Attorney Felli wrote a $2500 check drawn on trust assets to "Phoenix." The memo line on the check read "Ch. Contribution." Attorney Felli admitted he wrote the check, but claimed that he intended it to be a contribution to a charity named Phoenix House, which operates shelters for women. J.G. testified she never had any discussions with Attorney Felli about the Phoenix House or any other entity with the name of Phoenix, and never authorized Attorney Felli to make a charitable distribution to an entity with Phoenix in its title.

¶ 9. Attorney Felli endorsed the check written out to "Phoenix." On November 12, 2004, the check was deposited in his business, Phoenix Customs, account at Tri-City National Bank. Attorney Felli claims that the handwriting on the deposit slip is not his.

¶ 10. J.G. became aware of the check to Phoenix on November 17, 2004, when her son noticed a $2500 withdrawal and asked her what it was for. She stated she had not authorized Attorney Felli to pay $2500 to anyone, nor had she been informed that he was going to do so. After obtaining a copy of the check, J.G. contacted another attorney who demanded Attorney Felli return the $2500 paid to Phoenix along with his trustee fees. Attorney Felli complied on December 21, 2004.

¶ 11. According to Attorney Felli, he had simply mishandled the check and he claimed he was innocent of any wrongdoing. Attorney Felli's initial response to the OLR stated that he apparently saw the Phoenix check, endorsed it, and deposited it into the "Phoenix Customs" account. Later he stated that it was not until he saw the OLR's discovery materials that he noticed for the first time the deposit slip was not in his

276

handwriting, so he could not have deposited the check. The referee rejected Attorney Felli's explanations. The referee found that Attorney Felli intentionally attempted to divert assets from his client's trust account to his motorcycle business, contrary to SCR 20:8.4(c).

¶ 12.   With respect to discipline, the referee noted that repetitive offenses warrant progressively harsher sanctions. *See In re Disciplinary Proceedings Against Converse,* 2006 WI 4, 287 Wis. 2d 72, 707 N.W.2d 530. The referee stated that both *Felli I* and *Felli II* involved serious misconduct related to the misconduct in the instant matter. The referee stated this case involves Attorney Felli's substantial disregard of his fiduciary obligations and willingness to leverage his position of trust. The referee noted that while the amount Attorney Felli attempted to take was relatively small, "the line that he crossed is an important one." The referee stated that combined with the misconduct in *Felli I* and *Felli II,* Attorney Felli demonstrated an inability to conform to professional standards. The referee also considered that each disciplinary proceeding involved the willful failure to disclose information to the OLR. Therefore, the referee concluded that Attorney Felli's continued practice of law would create a substantial risk and nothing short of revocation would protect the public.

¶ 13.   This court upholds the referee's findings of fact unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. This court independently reviews the referee's legal conclusions. *Id.* Here, the record supports the referee's fact findings and legal

conclusions, and they are unchallenged. This court approves and adopts the referee's findings of fact and conclusions of law.

¶ 14.   It is ultimately this court's responsibility to determine the appropriate discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. Proper considerations include the seriousness of the misconduct; the need to protect the public, courts, and the legal system from repetition of misconduct; the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910.

¶ 15.   The seriousness of Attorney Felli's most recent professional misconduct, combined with his disciplinary history, demonstrates that it is necessary to revoke his license to practice law in Wisconsin, to protect the public, courts, and legal system from the repetition of misconduct, as well as to impress upon Attorney Felli the seriousness of his misconduct and deter other attorneys from engaging in misconduct.

¶ 16.   The OLR filed a statement on December 18, 2006, of $8924.80 for costs. Attorney Felli is ordered to pay the costs of this disciplinary proceeding.

¶ 17.   IT IS ORDERED that the license of Jay Andrew Felli to practice law in Wisconsin is revoked, effective the date of this opinion.

¶ 18.   IT IS FURTHER ORDERED that within 60 days of the date of this order Jay Andrew Felli pay to the Office of Lawyer Regulation the costs of this pro-

278

ceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Jay Andrew Felli will remain revoked until further order of the court.

¶ 19. IT IS FURTHER ORDERED that to the extent he has not done so, Jay Andrew Felli comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.