In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James M. GEDLEN, Attorney at Law.

OFFICE OF LAWYER REGULATION, Complainant,

v.

James M. GEDLEN, Respondent.

Supreme Court

*No. 2006AP901–D. Decided October 2, 2007.*

2007 WI 121

(Also reported in 739 N.W.2d 274.)

¶ 1. PER CURIAM. We review the referee's recommendation that Attorney James M. Gedlen's license to practice law in Wisconsin be revoked for professional misconduct. No appeal has been filed. We conclude that the seriousness of Attorney Gedlen's misconduct warrants license revocation.

¶ 2. Attorney Gedlen was admitted to the practice of law in Wisconsin in 1971 and most recently practiced in Milwaukee. In April 2006 the Office of Lawyer

Regulation (OLR) filed a 28–count amended complaint alleging misconduct with respect to numerous client matters. Attorney Gedlen filed an answer. John A. Fiorenza was appointed referee, and a hearing was set for March 19, 2007. Attorney Gedlen did not appear and did not contact the referee on the date of the hearing to give any reason for his failure to appear.[1]

¶ 3. The OLR moved for default judgment. After receiving testimony from the OLR witness and exhibits containing 101 documents and their descriptions, the referee concluded that Attorney Gedlen committed 28 counts of misconduct as alleged in the amended complaint.

¶ 4. The first 16 counts of the amended complaint detail Attorney Gedlen's professional misconduct between 2003 and 2006 involving nine separate clients as well as misconduct related to his own divorce proceeding. Counts One and Two allege that by converting for his own purposes $26,756.56 belonging to his clients and third parties, Attorney Gedlen committed criminal acts that reflect adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, contrary to former SCR 20:8.4(b),[2] and violated former SCR

---

[1] The referee noted that the day after the hearing, March 20, 2007, Attorney Gedlen left a voice mail message for the referee indicating that he could not appear at the hearing because of illness. On March 21, 2007, the referee wrote to Attorney Gedlen and informed him that a default judgment had been entered and findings and recommendations would be submitted to the supreme court. The referee informed Attorney Gedlen that if he wished to file a motion he should do so and it would be set for hearing. As of the date of the report, the referee received no communication or motion from Attorney Gedlen.

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for

20:8.4(c),[3] prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation. Count Three states that by failing to hold the $26,756.56 in trust, Attorney Gedlen violated former SCRs 20:1.15(a) (effective through June 30, 2004)[4] and 20:1.15(b)(1).[5]

¶ 5. Counts Four and Five state that by paying business expenses directly from his trust account in July 2004 with $2175.78 in fees that had been advanced by clients but not yet earned, Attorney Gedlen converted money belonging to clients for his own

Attorneys, SCR Chapter 20. See Supreme Court Order No. 04–07, 2007 WI 4, 293 Wis. 2d xv; and Supreme Court Order No. 06–04, 2007 WI 48, 297 Wis. 2d xlvii. Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[3] Former SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provided in part:

> (a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. . . .

[5] Former SCR 20:1.15(b)(1) provides: Segregation of trust property.

> (1) Separate account. A lawyer shall hold in trust separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

purposes, contrary to former SCR 20:8.4(b), and violated former SCR 20:8.4(c) by conduct involving dishonesty, fraud, deceit or misrepresentation. Count Six alleges that by converting fee advances paid by three clients to pay six disbursements from his trust account for business expenses prior to earning the fees, Attorney Gedlen failed to hold the unearned fees and advanced payments of fees in trust until earned, contrary to former SCR 20:1.15(b)(4).[6]

¶ 6.   Counts Seven and Eight charge that by converting to his own purposes $5825 in fees advanced by two clients, Attorney Gedlen engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to former SCR 20:8.4(c), and by failing to deposit this sum into his trust account, Attorney Gedlen violated former SCRs 20:1.15(a) (effective through June 30, 2004) and 20.1.15(b)(4).

¶ 7.   Count Nine states that by withdrawing fee advances from his trust account between January 1, 2003, and December 31, 2005, prior to earning those fees or notifying his clients the fees had been earned, Attorney Gedlen failed to abide by requirements for handling disbursements for fees, contrary to former SCRs 20:8.4(f)[7] and 20:1.15(g).[8]

---

[6] Former SCR 20:1.15(b)(4) provides:

> (4) Unearned fees and cost advances. Unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to SCR 20:1.15(g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[7] Former SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[8] Former SCR 20:1.15(g) provides:   Withdrawal of fees from trust account.

38

¶ 8.   Counts Ten and Eleven allege that by failing to maintain an individual ledger for each client or third party for whom he received funds in trust, including a monthly schedule of the subsidiary ledgers, and failing to perform the required monthly trust account reconciliation between January 1, 2003, and December 31, 2005, Attorney Gedlen failed to maintain complete records of funds held in trust, contrary to former SCRs 20:1.15(e)(iii) and (iv) (effective through June 30, 2004)[9] and 20:1.15(f)(1)b and g.[10]

---

(1) Notice to client. At least 5 business days before the date on which a disbursement is made from a trust account for the purpose of paying fees, with the exception of contingent fees, the lawyer shall deliver to the client in writing all of the following:

a. an itemized bill or other accounting showing the services rendered;

b. notice of the amount owed and the anticipated date of the withdrawal; and

c. a statement of the balance of the client's funds in the lawyer trust account after the withdrawal.

(2) Objection to disbursement. If a client objects to the disbursement described in sub. (g)(1), the funds shall remain in the trust account until the dispute is resolved. If the client objects after the funds have been withdrawn, the disputed portion shall be returned to the trust account.

[9] Former SCR 20:1.15(e) provides in relevant part:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include . . . .(iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, . . .

[10] Former SCR 20:1.15(f)(1)b and g provide:

¶ 9.  Count Twelve charges that by disbursing funds from trust in twelve client matters on the same date as he deposited the funds relating to those matters, Attorney Gedlen failed to hold in trust funds belonging to other clients and disbursed funds from a trust account before the deposit had cleared and the funds were available, contrary to former SCRs 20:1.15(a)

(1) Demand accounts. Complete records of a trust account that is a demand account shall include a transaction register; individual client ledgers; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b)(3); deposit records; disbursement records; monthly statements; and reconciliation reports, subject to all of the following:

. . .

b. Individual client ledgers. A subsidiary ledger shall be maintained for each client or matter for which the lawyer receives trust funds, and the lawyer shall record each receipt and disbursement of that client's funds and the balance following each transaction. A lawyer shall not disburse funds from the trust account that would create a negative balance with respect to any individual client or matter.

. . .

g. Reconciliation reports. For each trust account, the lawyer shall prepare and retain a printed reconciliation report on a regular and periodic basis not less frequently than every 30 days. Each reconciliation report shall show all of the following balances and verify that they are identical:

(1) the balance that appears in the transaction register as of the reporting date;

(2) the total of all subsidiary ledger balances for IOLTA accounts and other pooled accounts, determined by listing and totaling the balances in the individual client ledgers and the ledger for account fees and charges, as of the reporting date; and

(3) the adjusted balance, determined by adding outstanding deposits and other credits to the balance in the financial institution's monthly statement and subtracting outstanding checks and other deductions from the balance in the monthly statement.

(effective through June 30, 2004) and 20:1.15(e)(5)a.[11]

¶ 10.  Count Thirteen states that by failing to identify the client matter and the reason for the disbursement on the memo line of each check disbursed from his trust account, particularly those that he disbursed to himself or his firm, Attorney Gedlen failed to comply with recordkeeping requirements, contrary to former SCR 20:1.15(f)(1)e.1.[12]

¶ 11.  Counts Fourteen and Fifteen allege two instances of violating former SCRs 20:8.4(f) and 22.03(2)[13]

---

[11] Former SCR 20:1.15(e)(5)a states:  "Standard for trust account transactions. A lawyer shall not disburse funds from any trust account unless the deposit from which those funds will be disbursed has cleared, and the funds are available for disbursement."

[12] Former SCR 20:1.15(f)(1)e.1 states:  Disbursement records.

> 1. Checks. Checks shall be pre-printed and pre-numbered. The name and address of the lawyer or law firm, and the name of the account shall be printed in the upper left corner of the check. Trust account checks shall include the words "Client Account," or "Trust Account," or words of similar import in the account name. Each check disbursed from the trust account shall identify the client matter and the reason for the disbursement on the memo line.

[13] SCR 22.03(2) states:  Investigation.

> (2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

41

and (6).[14] They allege that by failing to respond to multiple letters from the OLR requesting information regarding real estate proceeds with respect to Attorney Gedlen's own divorce, and by altering six trust account stubs he provided to the OLR during an investigation to obscure information on those stubs, Attorney Gedlen willfully failed to provide relevant information in the course of an investigation and made misrepresentations. Count Sixteen states that Attorney Gedlen engaged in conduct involving dishonesty contrary to former SCR 20:8.4(c) by altering the six trust account check stubs to obscure them.

¶ 12. Next, Counts Seventeen through Twenty-five relate to client G.K., who retained Attorney Gedlen to represent him in divorce proceedings. On November 17, 2003, Attorney Gedlen deposited $66,093.97 into his trust account, constituting G.K.'s portion of the family home sale proceeds. On December 2, 2003, before disbursing a check totaling $72,547.65 to another client, Attorney Gedlen's trust account balance was $125,310.45. Following the $72,547.65 disbursement, the trust account balance was reduced to $52,762.80. By making this other client's disbursement, Attorney Gedlen improperly utilized funds belonging to G.K. Between December 2, 2003, and April 30, 2004, Attorney Gedlen disbursed 30 checks totaling $15,270.37 to either himself or his law firm from funds in trust attributable to G.K. By April 21, 2004, Attorney Gedlen

---

[14] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

converted all, or virtually all, of G.K.'s funds for his own purposes and his trust account balance fell to $145.37.

¶ 13.  In August 2004 Attorney Gedlen obtained a loan from S.L.K., which he used to deposit $65,000 into his trust account. G.K. had made several unsuccessful attempts to recover his funds and obtain an accounting before Attorney Gedlen eventually delivered funds and provided an accounting. In January 2005 S.L.K. filed a civil action against Attorney Gedlen due to Attorney Gedlen's failure to repay the $65,000 loan and was granted judgment against him.

¶ 14.  Counts Seventeen, Eighteen, and Nineteen allege that by converting to his own purposes the $66,093.97 held in trust for G.K., Attorney Gedlen violated three supreme court rules:  he committed a criminal act reflecting adversely on his honesty, trustworthiness or fitness as a lawyer, contrary to former SCR 20.8.4(b); he engaged in dishonesty, fraud, deceit or misrepresentation, contrary to former SCR 20:8.4(c); and he failed to hold the property of his client in trust, contrary to former SCR 20:1.15(a) (effective through June 30, 2004).

¶ 15.  Count Twenty states that by failing to disburse funds to which G.K. was entitled from June 14, 2004, to August 19, 2004, despite G.K.'s repeated requests, Attorney Gedlen violated former SCRs 20:1.15(b) (effective through June 30, 2004)[15] and

---

[15] Former SCR 20:1.15(b) provides:  Safekeeping property.

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled

20:1.15(d)(1).[16] Count Twenty-one alleges that by failing to respond to G.K.'s request for an accounting and for information regarding his funds, Attorney Gedlen violated former SCR 20.1.15(d)(2).[17] Count Twenty-two states that by depositing a $65,000 personal loan from S.L.K. into his trust account, Attorney Gedlen deposited funds belonging to him into his trust account, contrary to former SCR 20:1.15(b)(3).[18]

¶ 16.  Count Twenty-three alleges that by misrepresenting to G.K. the reason for his failure to make timely payment to G.K., Attorney Gedlen engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of former SCR 20:8.4(c). Count Twenty-four charges that by misrepresenting to the OLR that G.K.'s funds had always been held in trust, Attorney Gedlen violated former SCRs 20:8.4(f) and

to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[16] Former SCR 20:1.15(d)(1) provides: Prompt notice and delivery of property.

(1) Notice and disbursement. Upon receiving funds and other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[17] Former SCR 20:1.15(d)(2) states that "[u]pon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property."

[18] Former SCR 20:1.15(b)(3) states that "[n]o funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

22.03(2) and (6). Count Twenty-five states that by failing to respond to multiple letters from the OLR requesting a response to the G.K. grievance, Attorney Gedlen willfully failed to provide relevant information and answer questions during the course of an investigation, contrary to former SCRs 20:8.4(f) and 22.03(2) and (6).

¶ 17. Counts Twenty-six through Twenty-eight involve client A.G., who retained Attorney Gedlen in May 2004 to represent him in a divorce action. A.G. paid Attorney Gedlen a $2000 retainer. In January 2005 A.G. received an invoice from Attorney Gedlen indicating a credit balance of $200 and $600 owing for future services. A.G. paid the $600 and requested an itemized bill. Attorney Gedlen failed to provide an itemized bill.

¶ 18. Following A.G.'s complaint to the OLR, the OLR's investigation revealed that Attorney Gedlen's trust account balance in July 2004 was inadequate to cover the unearned portion of A.G.'s fees. An OLR audit disclosed that Attorney Gedlen never deposited A.G.'s $2000 advance fee into his trust account. The itemization provided to the OLR showed that Attorney Gedlen had performed only 4.35 hours of work relating to A.G.'s divorce as of July 2004, and owed A.G. a balance of at least $1011.14. Attorney Gedlen failed to respond to the OLR's request for a response to the A.G. grievance.

¶ 19. Count Twenty-six alleges that by converting for his own purposes A.G.'s advance fee, Attorney Gedlen engaged in conduct involving dishonesty, fraud, deceit or misrepresentation contrary to former SCR 20:8.4(c). Count Twenty-seven states that by failing to deposit the advance fee into his trust account, Attorney Gedlen failed to hold his client's property in trust separate from his own property, contrary to former SCR 20:1.15(a) (effective through June 30, 2004). Count Twenty-eight alleges that by failing to respond to the

45

OLR's letters between November 22, 2005, and January 3, 2006, requesting a response regarding the A.G. grievance, Attorney Gedlen willfully failed to provide relevant information and answer questions in the course of the investigation as required by former SCRs 20:8.4(f) and 22.03(2) and (6).

¶ 20. Based on the testimony and exhibits presented at the hearing, the referee found that Attorney Gedlen had made out at least 69 unauthorized checks from his client trust account to himself, and that the trust account showed insufficient funds on four occasions. The referee found Attorney Gedlen converted $103,826.41 of trust account funds to his own use. Based on the finding that Attorney Gedlen committed 28 counts of misconduct as alleged in the amended complaint, the referee recommended revocation of Attorney Gedlen's license to practice law in Wisconsin. Attorney Gedlen has not appealed.

¶ 21. This court upholds the referee's findings of fact unless clearly erroneous and independently reviews the referee's legal conclusions. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. This court approves and adopts the referee's unchallenged findings of fact and conclusions of law.

¶ 22. It is this court's responsibility to determine the appropriate discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. This court considers the seriousness of the misconduct, the need to protect the public, courts and the legal system from repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other

attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 634 N.W.2d 910. This court agrees with the referee that the seriousness of Attorney Gedlen's misconduct warrants the revocation of his license to practice law. We conclude that Attorney Gedlen should be responsible for the costs the OLR incurred in this disciplinary proceeding. The sum of $4005.82 costs are imposed against Attorney Gedlen. We further conclude that as a condition of reinstatement Attorney Gedlen is required to demonstrate that restitution is not owed.

¶ 23.  IT IS ORDERED that the license of James M. Gedlen to practice law in Wisconsin is revoked, effective the date of this opinion. It is a condition of reinstatement that James M. Gedlen is required to demonstrate that restitution is not owed.

¶ 24.  IT IS ORDERED that within 60 days of the date of this opinion James M. Gedlen pay to the Office of Lawyer Regulation the costs of this proceeding in the sum of $4005.82. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of James M. Gedlen will remain revoked until further order of the court.

¶ 25.  IT IS FURTHER ORDERED that to the extent he has not done so, James M. Gedlen comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶ 26.  ANNETTE KINGSLAND ZIEGLER, J., did not participate.