In the Matter of JAY A. FELLI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [983 NYS2d 922]—

Per Curiam. Respondent was admitted to practice by the Fourth Department in 1994. He was also admitted to practice in Wisconsin in 1994, where he maintained an office for the practice of law. The attorney registration unit of the Office of Court Administration lists a current address for respondent in the City of Ithaca, Tompkins County.

By order dated May 9, 2007, the Supreme Court of Wisconsin determined that respondent committed professional misconduct in violation of a Wisconsin Supreme Court rule by engaging in conduct involving dishonesty, fraud, deceit and/or misrepresentation (*see In re Disciplinary Proceedings Against Felli*, 300 Wis 2d 271 [2007]). The court found that respondent, while a trustee of a charitable trust, fraudulently wrote a check drawn on the trust as payable to a business that respondent owned, while attempting to disguise the check as a legitimate charitable contribution made on behalf of the trust. The court reviewed respondent's substantial prior disciplinary history and revoked his license to practice law in Wisconsin.

Petitioner now moves for an order imposing discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has not replied or otherwise appeared in response to the motion.

We grant petitioner's motion and further conclude that, under the circumstances presented and in the interest of justice, respondent should be disbarred in this state (*see Matter of Pisano*, 110 AD3d 1133 [2013]).

Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules

regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).